ANDREWS et al. v. THUM et al.

(Circuit Court of Appeals, First Circuit.    February 15, 1896.)

No. 89.

1. APPEAL—FINAL DECREE—MOTION FOR REHEARING.
    A final decree is suspended by a motion for rehearing, and does not take effect and become operative for the purposes of an appeal until such motion is overruled.

2. SAME.
    Where, after the entry of a final decree, a motion was made for a rehearing and to reopen the case, which was denied after a hearing, held, that an appeal subsequently taken was from the final decree itself, and not from the order denying the said motion.

3. SAME—FORM OF MANDATE.
    It is not necessary to recite in the mandate every step in the various stages of the cause.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit by Otto Thum and others against John A. Andrews and others for infringement of patents No. 278,294 and 305,118, issued to said Otto Thum for an improvement in fly paper. The alleged infringement consisted in the sale by defendants of fly paper manufactured by Benjamin F. B. Willson, carrying on business under the name of Willson & Co. Upon complainants' threatening suit against defendants for such infringement, John W. F. Willson and said Benjamin F. B. Willson had entered into an agreement with defendants, that in case any suit should be brought against defendants for infringement of any patent, by the use or sale of such fly paper, the said Willsons would assume the defense of such suit, and carry on the same to final judgment at their own sole expense; and that in case the plaintiffs, in any such suit, should obtain a judgment or decree, said Willsons would pay all sums that defendants should be adjudged to pay as damages, profits, or costs of suit. In accordance with this agreement, the Willsons assumed and carried on the defense of this suit. On February 7, 1893, the circuit entered an interlocutory decree, sustaining the patents, finding infringement, awarding a perpetual injunction, and referring the cause to a master, to take an account of profits and damages. 53 Fed. 84. On May 6, 1893, the Willsons filed a motion for defendants to reopen the case, for the purpose of introducing a prior patent to a third party, alleged to be

precisely similar to complainants' patent, and also a motion to dissolve the injunction. On May 13, 1893, upon a stipulation by complainants, to which the nominal defendants consented, a final decree was entered, waiving the reference to the master, and ordering defendants to pay the complainants the sum of $2,500, as damages and profits for the infringement and as costs of the suit. Afterwards, and on June 23, 1893, the motions to reopen the case and to dissolve the injunction were heard, and an order was entered denying the same. On November 17, 1893, the Willsons filed a prayer for appeal and an assignment of errors; and on the 5th day of February, 1894, the appeal was allowed, bond filed and approved, and citation issued. The cause having been docketed in this court, the appellees moved to dismiss the appeal on various grounds, which motion was denied on June 23, 1894. 12 C. C. A. 77, 64 Fed. 149. The case was afterwards heard upon the merits, and a decree was entered reversing the decree below holding that the patents sued on, or the claims thereof in controversy, were void for want of patentable novelty, and directing the court below to dismiss the bill. 15 C. C. A. 67, 67 Fed. 911. A rehearing was afterwards allowed, which resulted in a reaffirmance of the previous decision. 16 C. C. A. 677, 70 Fed. 65. The case was afterwards heard in this court upon a question as to the form of the mandate. 71 Fed. 763. After the foregoing proceedings, a form of mandate was prepared by the clerk of the circuit court of appeals, in accordance with the practice prevailing in this circuit. This mandate recited in full the interlocutory decree for an injunction and account which was entered in the circuit court on February 7, 1893, and also the final decree of May 13, 1893, but made no reference to the order of the circuit court denying the motion to reopen the case and dissolve the injunction. After these recitals and the further recitals in relation to the hearing and arguments in the appellate court, the mandate continued as follows:

"On consideration whereof, it is now, to wit, January 23, 1896, ordered, adjudged, and decreed as follows: The decree of the circuit court is reversed, and the case remanded, with directions to dismiss the bill, with costs. This court reserves to the defendants, John A. Andrews et al., liberty to file in the circuit court a petition for restitution of the sum paid by them to the complainants under the decree of the said circuit court of May 13, 1893, or to adopt other appropriate methods for presenting their claim for restitution, and to proceed thereon as that court may determine. Costs in said United States circuit court of appeals for which execution is to issue from said circuit court against said Otto Thum et al., and in favor of said John A. Andrews et al., in whose name said John W. F. Willson and Benjamin F. B. Willson appealed, are taxed at three hundred and thirty-one dollars and thirty-eight cents ($331.38). You, therefore, are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the aforesaid decree of this court, as, according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding.

"Witness, the Honorable Melville W. Fuller, chief justice of the United States, the twenty-eighth day of January, in the year of our Lord one thousand eight hundred and ninety-six.

"John G. Stetson,
"Clerk of the United States Circuit Court of Appeals for the First Circuit."

The appellees thereupon filed a motion to stay the issuing of the mandate as thus prepared, and to direct the clerk as to the form thereof. The objections of the appellees to the mandate as drawn were stated in their motion as follows: "(1) Said mandate, as drawn, does not recite or reverse the decree of the circuit court of June 23, 1893, from which decree alone the appeal to this honorable court was taken, but does recite and reverse decrees of said court from which no appeal was taken. (2) Said mandate, as drawn, recites and reverses the decree of the circuit court of May 13, 1893, from which no appeal was taken, and to which no error was assigned in the prayer for appeal, and which was a decree by consent between the complainants, now appellees, and the defendants, acting by other counsel than the counsel of the appellants John W. F. Willson and Benjamin F. B. Willson, and in which decree the said appellants John W. F. Willson and Benjamin F. B. Willson

have no interest whatever." The appellees therefore moved that the said decree of June 23, 1893, should be set out at length in the recital part of the mandate, together with the proceedings had in this court; and they further moved that the decretal part of the mandate should read as follows: "On consideration whereof, it is now ordered, adjudged, and decreed as follows: The said decree of the circuit court of June 23, 1893, is reversed, and the case remanded, with directions to dissolve the injunction and dismiss the bill, with costs, as to the appellants John W. F. Willson and Benjamin F. B. Willson, from the date of the filing of their petition for appeal and assignment of error, November 17, 1893. This court reserves to the defendants, John A. Andrews et al., liberty to file in the circuit court a petition for restitution of the sum paid by them to the complainants under the decree of the circuit court of May 13, 1893, or to adopt other appropriate methods for presenting their claim for restitution, and to proceed thereon as that court may determine."

## Walter B. Grant, in favor of motion.

The contentions in this motion are: (1) That the decree of the lower court of June 23, 1893, should alone be recited and reversed by the mandate in accordance with the opinions of this honorable court, and that the decrees cited in the mandate, as drawn, should be stricken therefrom. (2) That the decree of May 13, 1893, should be disregarded in the mandate, it being (a) a consent decree, and not reviewable by this court, and (b) the parties defendant who consented thereto are not the appellants. and are not before this court on appeal.

As to the first contention: This appeal was taken November 17, 1893, from said decree of June 23, 1893, and from none other. See prayer for appeal and assignment of errors. This honorable court decided that the appeal was from said decree of June 23, 1893, and from none other, and that the same was final so far as it affected the appellants John W. F. Willson and Benjamin F. B. Willson. The court (Putnam, J.) stated as follows: "On the 23d day of June, 1893, the court heard, on its merits, the motion filed May 6, 1893, and denied it. This left the injunction in full force, and, so far as concerns it, a judgment which binds the manufacturers, unless reopened on appeal or otherwise. The manufacturers took this appeal in the names of the nominal defendants within six months from June 23, 1893." Andrews v. Thum, 12 C. C. A. 77, 64 Fed. 149. The appellate jurisdiction of the court in this case is to review said final decree or decision, and determine it. Act March 3, 1891, c. 517, § 6. For the reasons as stated, it is submitted that the mandate should recite the said decree of June 23, 1893, and none other.

As to the second contention: The decree of May 13, 1893, ought not to be regarded in the mandate. It was a consent decree. The appellate court has jurisdiction of a consent decree, when appealed from, only to consider whether the court below had jurisdiction of the cause, so as to authorize it to enter any decree. It cannot consider any errors assigned to such decree. It cannot reverse such decree. Railroad Co. v. Ketchum, 101 U. S. 289; U. S. v. Babbitt, 104 U. S. 767. The said decree of May 13, 1893, was the order of the court upon an agreement made between the complainants (now appellees) and the then defendants, John A. Andrews et al., and said Andrews et al., by said decree, closed their connection with the case. They are not parties to the appeal, nor before this court except nominally. See their protest "that they do not desire, nor consent to, nor authorize, an appeal." The Willsons alone are the appellants, because (1) they applied and were permitted to come in and take the appeal, November 17, 1893; (2) their appeal was allowed; (3) they gave bond as principals; (4) this court has recognized said Willsons as the appellants. "The manufacturers took this appeal." Andrews v. Thum, 12 C. C. A. 77, 64 Fed. 149.

For the reasons as stated, the court having no jurisdiction to review, and the parties to the decree of May 13, 1893, not being before this court, it is submitted that said decree should not be recited or regarded in the mandate, at least, beyond the reference made to it in the order of this honorable court of January 23, 1896.

The question of costs is within the control of the appellate court. The matter of the costs between the original parties was adjusted by the decree of May 13, 1893, and settled. Costs for the intervening parties, defendants, should not relate back of the time of their petition for intervention, November 17, 1893.

Frederick P. Fish and W. K. Richardson, contra, submitted the following brief on the form of mandate, as the rights of their clients, the nominal appellants, to restitution, might be affected thereby:

Appellees are plainly in error in saying that the appeal is from the denial on June 23, 1893, of the motions to reopen the case and dissolve the injunction, and not from the final decree of May 13, 1893.

(1) Motions for rehearing and to dissolve injunction are addressed to the discretion of the lower court; and it is elementary law that there is no appeal therefrom. Boesch v. Graff, 133 U. S. 697-699, 10 Sup. Ct. 378; Bufington v. Harvey, 95 U. S. 99, 100; Steines v. Franklin Co., 14 Wall. 14-22; Bondholders & Purchasers of Iron R. R. v. Toledo, D. & B. R. Co., 10 C. C. A. 319, 62 Fed. 166-169. That the appeal was not from the decision on these motions is also made plain by the decision of this court upon the merits (15 C. C. A. 67, 67 Fed. 911), which holds that the Peck patent cannot be considered, because it "was first introduced as evidence in the court below in support of a motion for rehearing, and to reopen the case, which was denied." If the appeal had been from the decision on that motion, the Peck patent would have been the principal issue before this court.

(2) Appellees' point that there can be no appeal from the final decree by consent was fully presented to this court on appellees' motion to dismiss the appeal; and this court decided in its opinion on the merits (15 C. C. A. 67, 67 Fed. 911) that, since the decision on that motion, "the objections to the validity of the appeal are not open." It is perfectly plain that this court, in refusing to dismiss the appeal (12 C. C. A. 77, 64 Fed. 149), held that the appeal was from the final decree, but that the time of appeal from the final decree did not begin to run until the motion for rehearing had been decided. This is the precise point of the two opinions of the supreme court (Smelting Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, and Vorhees v. Manufacturing Co., 151 U. S. 135, 14 Sup. Ct. 295) cited by this court, in both of which it was held that the six months within which to appeal from the final decree "does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal."

We therefore submit that the mandate should recite the final decree, and order it to be reversed, as has been ordered in both the opinions of this court on the merits. 15 C. C. A. 67, 67 Fed. 913; 70 Fed. 65. The untenability of appellees' contention is shown by the fact that a reversal of the order of June 23, 1893, would simply lead to a reopening of the cause, to take further evidence against a patent which this court has already held to be invalid upon the original record.

We have no concern with the subject of costs.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

PER CURIAM. The mandate has been correctly drawn. Although the record shows a final decree in May, yet, in fact, that decree was suspended by a motion for rehearing, and did not take effect and become operative till that motion was overruled, in June. The appeal was from this decree when it took effect, and became the final decree in the cause. It is unnecessary in the mandate to make recitation of every step in the various stages of the cause.

The mandate as drawn by the clerk is ordered to issue.